FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 05, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ASPEN A.[1], | No. 4:25-CV-05060-RLP |
| Plaintiff, | ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR AWARD OF BENEFITS |
| v. | |
| FRANK BISIGNANO COMMISSIONER OF SOCIAL SECURITY, | |
| Defendants. | |

BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) final decision denying supplemental security income under Title XVI and disability insurance benefits under Title II and XVIII of the Social Security Act. ECF No. 12. For the reasons discussed below, the Court concludes the ALJ committed harmful legal error in determining that in light of her residual functional capacity (RFC), Ms. A. could perform work in the national economy. Therefore,

---

[1] Plaintiff's first name and last initial are used to protect her privacy.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR AWARD OF BENEFITS * 1

Ms. A.'s brief, ECF No. 12, is granted and the Commissioner's brief, ECF No. 18, is denied.

## BACKGROUND

Ms. A. was twenty-four years old on the alleged onset date of July 1, 2019. Tr. 71. Ms. A. has a high school diploma without further specialized education or training. Tr. 322. Prior to July 1, 2019, she worked periodically in hospitality, food service, customer service, and as a cashier. Tr. 358. She briefly worked several jobs in 2021, earning a total of $922.26. Tr. 829-32. Other than her work in 2021, Ms. A. has not worked since the alleged onset date of her disability. *Id*.

Ms. A. filed her claims for supplemental security income and disability insurance benefits on November 12, 2019. Tr. 281-94. The claims were denied initially and upon reconsideration. Tr. 82-120. An initial hearing before an ALJ was held on August 17, 2020. Tr. 44-70. On July 13, 2022, the ALJ issued an unfavorable decision, Tr. 17-34, and the Appeals Council denied review. Tr. 1-3. Ms. A. then appealed this decision to this Court. ECF No. 1 in *Aspen A. v. Kijakazi*, Case No. 4:23-CV-05017-LRS. On July 18, 2023, this Court granted a stipulated motion to remand the case back to the Commissioner, with instructions to offer a new hearing and take additional testimony from a vocational expert to clarify whether a person with Ms. A.'s RFC could perform work with only superficial and occasional contact with supervisors. Tr. 731-32.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR AWARD OF BENEFITS \* 2

1   A new hearing occurred before an ALJ on December 3, 2024. Tr. 652-92. At
2   the hearing, a vocational expert testified that an individual who was limited to only
3   occasional interaction with a supervisor during the learning and probationary
4   period could not work. Tr. 686-87. On March 21, 2025, the ALJ issued a decision
5   again finding Ms. A. was not disabled. Tr. 614-628.
6   Ms. A. now again appeals to this Court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

8   This Court's review of a final decision of the Commissioner of Social
9   Security is governed by 42 U.S.C. § 405(g). The scope of review is limited; the
10  Commissioner's decision will be disturbed "only if it is not supported by
11  substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158
12  (9th Cir. 2012). If the evidence in the record "is susceptible to more than one
13  rational interpretation, [the Court] must uphold the ALJ's findings if they are
14  supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674
15  F.3d 1104, 1111 (9th Cir. 2012).

## FIVE-STEP EVALUATION PROCESS

17  A claimant must satisfy two conditions to be considered "disabled" within
18  the meaning of the Social Security Act. First, the claimant must be "unable to
19  engage in any substantial gainful activity by reason of any medically determinable
20  physical or mental impairment which can be expected to result in death or which

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR AWARD OF BENEFITS * 3

has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, if the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the severity of the claimant's impairment does not meet or exceed the

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR AWARD OF BENEFITS * 4

severity of the enumerated impairments, the Commissioner must assess the claimant's residual functional capacity RFC, which is the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If not, the analysis proceeds to step five and the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Ms. A. had not engaged in substantial gainful activity after her alleged onset date. Tr. 617. At step two, the ALJ found Ms. A. had the following severe impairments: panic disorder; post-traumatic stress

disorder (PTSD); depressive disorder; cyclothymic disorder; atypical anorexia; personality disorder. *Id*.

At step three, the ALJ found Ms. A. did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. Tr. 617-19. The ALJ then assessed her RFC. Tr. 619-26. With respect to the RFC, the ALJ found Ms. A. had the RFC

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can understand and remember simple instructions and maintain concentration, persistence, and pace in two-hour segments over the course of a normal eight-hour workday to perform no more than simple tasks; [] *can occasionally interact with the general public, co-workers, and supervisors*. She can respond appropriately to infrequent changes in work tasks, procedures, and setting.

Tr. 626 (emphasis added).

At step four, the ALJ found Ms. A. had no relevant work. *Id*. At step five, the ALJ found Ms. A. capable of performing jobs that exist in significant numbers in the national economy, specifically as a day worker, laundry worker, and kitchen helper. Tr. 626-27. Based on these adverse findings, the ALJ determined Ms. A. was not disabled. *Id*.

## ANALYSIS

Ms. A. contends the ALJ erred at step five by finding her capable of performing work in light of her RFC which limited her to occasional interaction with supervisors. Ms. A. argues there was no substantial evidence in support of this

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR AWARD OF BENEFITS * 6

finding, as the vocational expert testified that a person limited to occasional interaction with supervisors would be unable to complete a training period and therefore unable to work. Ms. A. asks the Court to remand the case for immediate payment of benefits. The Commissioner concedes error, but asks for a remand for further proceedings.

The Court agrees that the ALJ's finding that Ms. A. was able to work was not supported by substantial evidence, and remands for an award of benefits.[2]

Generally, an ALJ's failure to make adequate findings necessitates a remand for additional proceedings to make such findings. *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). However, the Court has the power to affirm, modify, or reverse a decision with or without remanding for a rehearing. 42 U.S.C. § 405(g). "Courts have generally exercised this power when it is clear from the record that a claimant is entitled to benefits." *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014). "Where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

---

[2] As the ALJ's error at step five requires remand for payment of benefits, Ms. A.'s remaining challenges to the ALJ's findings are moot.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR AWARD OF BENEFITS * 7

The unpublished Ninth Circuit decision, *Leitz v. Kijakazi*, 2023 WL 4342114, at *2-3 (9th Cir. July 5, 2023), is on point. In that case, the ALJ assessed the claimant's RFC to include a limitation that the claimant was limited to occasional interaction with supervisors, but with the caveat that additional interaction for training was acceptable. *Id*. at 2. The Ninth Circuit held this caveat was not supported by substantial evidence. *Id*. As the vocational expert testified at the hearing before the ALJ that the claimant could not work without the caveat, the Ninth Circuit ruled the claimant must be considered disabled and remanded to the district court with instructions to remand to the Commissioner for an immediate award of benefits. *Id*. at 3.

Here, the vocational expert testified that an individual who was limited to occasional interaction with supervisors could not make it through the training or probationary period of a job and thus could not perform work. Tr. 686-87. The ALJ found Ms. A. was limited to occasional interaction with supervisors. Tr. 619. Therefore, Ms. A. must be considered disabled.

Remand for further proceedings would serve no useful purpose. The record is fully developed – the ALJ determined Ms. A.'s RFC, and the vocational expert testified that the limitations the ALJ found precludes Ms. A. from performing work. There are no relevant ambiguities in the record which require resolution, and remanding for further proceedings would unfairly provide the Commissioner a

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR AWARD OF BENEFITS * 8

third opportunity to make their case. *See Benecke*, 379 F.3d at 595 (where record and vocational expert testimony clearly established claimant was disabled, remand to allow ALJ to make a second RFC determination would be unfair). For that reason, the Court remands to the Commissioner for an award of benefits.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Ms. A.'s Brief, **ECF No. 12**, is **GRANTED**.

2. The Commissioner's Brief, **ECF No. 18**, is **DENIED**.

3. This case is **REVERSED** and **REMANDED** for an award of benefits consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED December 5, 2025.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE